**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| XIAOYAN QIAN, | |
| Plaintiff, | Civil Action No. 2:25-cv-00184 |
| v. | |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, | |
| Defendants. | |

**MEMORANDUM ORDER OF COURT**

Robert J. Colville, United States District Judge

On July 7, 2025, the Court entered a show cause order (ECF No. 49) in the above-captioned matter directing Plaintiff to show cause as to why this case should not be severed or dismissed for misjoinder. Plaintiffs filed a Response (ECF No. 50) to the Court's show cause order on July 28, 2025. Because the Court addressed the relevant procedural history and factual background of this matter in its prior Memorandum Order, it foregoes repeating that lengthy recitation herein.

In issuing its show cause order, the Court explained as follows:

Further, the Court agrees with the analysis set forth in the recent Memorandum Order entered by Judge Ranjan in *FORCEL MEDIA*, wherein he discussed sincere concerns respecting misjoinder in a similar "Schedule A case." *See* [*FORCEL*

1

*MEDIA LIMITED, Plaintiff, v. DecYI, et al., Defendants.*, No. 2:25-CV-750, 2025 WL 1665586, at *2-4 (W.D. Pa. June 12, 2025)].   In that case, Judge Ranjan explained:

> The Court questions the propriety of joinder of 103 defendants under Rule 20.   Rule 20(a)(2) allows a plaintiff "to join all defendant sellers in one action if the claims arise out of the same transaction, occurrence, or series of transactions or occurrences."  *Viking Arm AS v. P'hips & Unincorporated Ass'ns Identified on Schedule A*, No. 24-1566, 2024 WL 2953105, at *1 (N.D. Ill. June 6, 2024).   Under Rule 21, the Court "may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.
>
> As courts in the Northern District of Illinois have "time and again" held in the context of similar Schedule A cases, "it is not enough for a plaintiff to simply allege that multiple defendants have infringed the same patent or trademark to meet Rule 20's requirements." *Estee Lauder Cosms. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182, 187 (N.D. Ill. 2020).   This is because, absent some sort of connection among the defendants, "one defendant's alleged infringement does not arise out of the same transaction, occurrence, or series of transactions of occurrences as another defendant's unrelated infringement."  *Id.*

*FORCEL MEDIA*, 2025 WL 1665586, at *2.

"It is well established . . . that 'simply committing the same type of violation in the same way does not link defendants together for the purposes of joinder.'" *Viking Arm AS v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 24 C 1566, 2024 WL 2953105, at *2 (N.D. Ill. June 6, 2024) (quoting *Bose Corp. v. P'Ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 511, 514 (N.D. Ill. 2020)).   Like the plaintiff in *FORCEL MEDIA*, the Plaintiff in this case asserts that joinder is appropriate for the following reasons:

> (1) Defendants often operate under multiple fictious aliases and/or appear to be an interrelated group of infringers, (2) Defendants' internet stores share same or similar registration patterns, accepted payment methods, check-out methods, prices and quantities, keywords, stock images, infringing product descriptions, (3) Defendants' infringing products bear similar irregularities that suggest they came from a common source, (4) infringers typically communicate with each other through group chats and websites to discuss tactics for operating multiple accounts and evading detection, and (5) infringers commonly operate under multiple seller aliases to evade enforcement efforts and conceal their identities.

2

*FORCEL MEDIA*, 2025 WL 1665586, at \*3; *see* ECF No. 1 at ¶¶ 36-39.

While the complaint in *FORCEL MEDIA* is not currently publicly available for review on the online docket, the Court believes it is at least possible, if not entirely likely, that the joinder allegations in both this case and *FORCEL MEDIA* are substantively, if not entirely, identical.[1]  As Judge Ranjan held, these generally pled allegations are conclusory assertions unsupported by sufficient facts.  *Id*.  The Court is, on this record, unconvinced that there is a connection between the Defendants, let alone one that is shared by all of them.  As noted by Judge Ranjan, courts in the Northern District of Illinois have routinely rejected arguments such as those raised by Plaintiff in support of joinder in this case.  *See id.* ("[E]xperience has shown that, while some individual defendants may operate several online stores, and while some individual defendants may coordinate with other defendants before or after the filing of the infringement action, rarely, if ever, have all defendants named in a Schedule A case worked together." (quoting *Dongguan Juyuan Precision Tech. Co., Ltd. v. The P'ship and Unincorporated Ass's Identified on Schedule A*, No. 24-cv-11301, ECF 5 at 1 (N.D. Ill. Nov. 4, 2024))).  Similarly, the Court finds that the exhibits attached to Plaintiff's Complaint are not sufficient to support an inference that there is any relationship between all eighty-eight of the Defendants.  *Id*.

"[E]ven where joinder is permissible under Rule 20, a Court may exercise its discretion to sever or drop defendants if it concludes that doing so would further the interests of judicial economy without prejudice to any party."  *FORCEL MEDIA*, 2025 WL 1665586 at \*4 (quoting *Malibu Media, LLC v. Surgent*, No. 12-3905, 2013 WL 1704289, at \*2 (D.N.J. Apr. 19, 2013)).  The Court again agrees with Judge Ranjan's holding in *FORCEL MEDIA* that "allowing joinder in this case would undermine judicial economy, is not in the interest of justice, and hampers the Court's ability to conduct meaningful review of the merits of the case," and finds that it is equally true in this case involving eighty-eight seemingly unrelated Defendants.  In short, Plaintiff has not established a likelihood of success in this case because it appears that the Defendants cannot and/or should not be joined in this matter.

Finally, the Court finds that the balancing of the equities factor does not support the issuance of a preliminary injunction on this record.  "Irreparable harm is presumed when a clear showing of patent validity and infringement has been made." *Impax Lab'ys, Inc. v. Aventis Pharms., Inc.*, 235 F. Supp. 2d 390, 395 (D. Del. 2002).  Plaintiff has made a sufficient showing, at least at this stage of the proceedings, that she maintains a valid patent and that Defendants have infringed that patent.  Accordingly, she has sufficiently established irreparable harm at this stage.

That said, "[t]he more likely a plaintiff is to succeed on the merits, the less the balance of the equities needs to tip in her favor." *Xie*, 2025 WL 1039233, at \*10.

---

[1] The joinder allegations in two other Schedule A cases (25-cv-730 and 25-cv-790) pending before the undersigned and filed by Plaintiff's counsel contain identical joinder allegations to those set forth in this case.

This Court has already concluded that Plaintiff has failed to establish a likelihood of success on the merits for two distinct and important threshold reasons. While Plaintiff is likely to sustain lost sales, which can clearly be remedied by the payment of damages, and potential loss of reputation and goodwill in the marketplace, the Court is not convinced that the scales tip in Plaintiff's favor at this time.

A preliminary injunction would impede Defendants from operating their businesses. *See FORCEL MEDIA*, 2025 WL 1665586 at *4 ("Also problematic is that the requested TRO not only enjoins Defendants from using Forcel's trademarks, but also directs the online marketplace platforms to freeze all accounts connected to Defendants' seller aliases. This relief would greatly interfere with Defendants' business operations and is far too broad, particularly given the number of Defendants in this case and the lack of information about the proportion of non-infringing sales to infringing sales as to each Defendant."). Further, while Plaintiff has generally argued that the Defendants "are likely to move assets into offshore accounts outside of the Court's jurisdiction, there isn't a sufficient basis to support [her] 'all-encompassing claim that all of the listed defendants are . . . similarly situated in the context of possible asset transfers.'" *Id.* at *5 (quoting *Tang v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 21-14431, 2022 WL 1664116, at *3 (S.D. Fla. Feb. 28, 2022). In a case where it is possible, if not likely, that this Court lacks jurisdiction over the Defendants and that the Defendants cannot be properly joined, the Court finds that the relief sought by way of the preliminary injunction request represents the greater of the harms. Accordingly, this factor weighs in favor of denying Plaintiff's request for a preliminary injunction.

. . . .

For the reasons discussed above, Plaintiff's request for a preliminary injunction is denied. To the extent that this holding is in any way inconsistent with the Court's issuance of a TRO, this Memorandum Order may be construed as one reconsidering whether the issuance of a TRO was appropriate. Plaintiff is hereby ordered to show cause as to why this case should not be severed or dismissed for misjoinder by July 28, 2025. In the alternative, Plaintiff may file an amended complaint by the same date in an attempt to cure the deficiencies discussed in this Memorandum Order. Plaintiff shall serve this Memorandum Order on all remaining Defendants.

ECF No. 49 at 10-14.

Plaintiff's Response to the Court's show cause order does not sufficiently address or quell the Court's prior findings respecting misjoinder. Arguments materially similar to those raised by Plaintiff in her show cause response were squarely rejected by Judge Wiegand in *Li v. Tianwide,*

4

*et al.*, 2:25-cv-00769-CCW, a case in which she explained as follows in addressing a response to

a show cause order:

> ORDER re [35] Response to Order to Show Cause filed by Plaintiff CHANGCHUN LI. On 7/9/2025, the Court issued a preliminary injunction against the first named Defendant in this action, Tianwide. ECF No. 34. The Court declined to issue a preliminary injunction against the other remaining Defendants. ECF No. 33. Specifically, the Court determined that "Mr. Li ha[d] not presented sufficient evidence establishing that joinder of the remaining 32 Defendants in this case [was] appropriate under [35 U.S.C.] § 299." *Id.* at 8. Accordingly, the Court ordered Mr. Li to show cause as to why every Defendant except Tianwide should not be dismissed from this case for misjoinder, or file an Amended Complaint asserting claims against only those Defendants for whom Mr. Li could establish proper joinder. *Id.* On 7/16/2025, Mr. Li filed his [35] Response to the Court's order to show cause. The [35] Response does not meaningfully address the Court's reason for concluding that the 32 Defendants that remain in this case were misjoined. Specifically, the Court's [33] Opinion and Order concluded that Mr. Li had not satisfied § 299's requirement that accused patent infringers may be joined in one case "only if" a plaintiff's claims against them "arise[] out of the same transaction, occurrence, or series of transactions or occurrences." *See* ECF No. 33 at 5-8. Mr. Li's [35] Response does not address this issue at all, and instead argues that (1) Defendants are selling the "same" product for purposes of § 299(a)(1), (2) there are common questions of law or fact which satisfy § 299(a)(2), and (3) fairness, convenience, and judicial economy weigh against the severance and/or dismissal of every Defendant except Tianwide. The first two issues were not among the reasons that motivated the Court's [33] Opinion and Order so the Court need not address them here. As for the third, the Court disagrees with Mr. Li. "Combining [a substantial amount] of unrelated defendants in one case creates a burden on courts since courts must evaluate the evidence submitted in support of liability and, eventually, apportion damages among the parties." *H-D U.S.A. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-CV-01041, 2021 WL 780486, at *3 (N.D. Ill. Mar. 1, 2021). And the usual ex parte context of cases like this one magnifies that burden. *See Bailie v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 734 F. Supp. 3d 798, 804 (N.D. Ill. 2024) (quotation omitted) ("Since evidence presented ex parte is by its very nature one-sided, the law demands close scrutiny of such affidavits [and evidence], particularly in those instances wherein the affiant is not a disinterested party."); *Estee Lauder Cosmetics Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D 182, 189 (N.D. Ill. 2020). Thus, "the burden of conducting a meaningful review of so much material not only disserves the interest of judicial economy but also substantially prejudices the defendants." *Bailie*, 734 F.Supp. 3d at 804. For all of the foregoing reasons, the Court remains convinced that joinder of the 32 Defendants remaining in this case is not appropriate, and further concludes that Mr. Li has not shown good cause as to why every Defendant except Tianwide should not be dismissed for misjoinder. Exercising its discretion, the Court finds dismissal

of every Defendant except for Tianwide appropriate. *See Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir. 1972) ("The proper remedy in case of misjoinder is to grant severance or dismissal to the improper party if it will not prejudice any substantial right."); *Tang v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 23 C 4587, 2024 WL 68332, at *1 (N.D. Ill. Jan. 4, 2024) ("Courts have considerable discretion and flexibility in determining whether [defendants have been misjoined].") (quotations omitted).  Accordingly, IT IS HEREBY ORDERED that every Defendant except for Tianwide is hereby DISMISSED from this case WITHOUT PREJUDICE.

*Li v. Tianwide, et al.*, 2:25-cv-00769-CCW (ECF No. 36, W.D. Pa. July 18, 2025); *see also Glitch Prods. Pty Ltd v. BaiHeShangMao*, No. 2:25-CV-00727-CCW, 2025 WL 1899266, at *4 (W.D. Pa. July 1, 2025) (disagreeing with the reasoning in *Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 334 F.R.D. 511, 517 (N.D. Ill. 2020), a case on which Plaintiff relies in this matter).

The Court agrees with Judge Wiegand's analysis, and, for the reasons discussed in the Court's prior Memorandum Order, the Court finds that Plaintiff has not set forth sufficient factual allegations to support her assertion that there is a connection between the Defendants, let alone one that is shared by all of them.  Rather, Plaintiff merely alleges that each of the Defendants have infringed the same patent in the same way.  As discussed above, the same is not sufficient to support joinder under Rule 20.  *See Glitch*, 2025 WL 1899266, at *3 ("While the hundreds of pages screenshots of Defendants' online storefronts do show some similarities in how infringing products are offered for sale, 'counterfeiters copying the marketing and advertising on similar websites simply does not establish a logical relationship between every Defendant[.]'" (quoting *Viking Arm AS v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 24 C 1566, 2024 WL 2953105, at *3 (N.D. Ill. June 6, 2024))).  Accordingly, on this record, the Court concludes that Plaintiff's claims against each of the remaining Defendants do not arise out of the same transaction, occurrence, or series of transactions of occurrences and that the Defendants are thus

6

misjoined in this case.  The Court further finds that Plaintiff has not set forth sufficient cause as to why the Court should not sever Plaintiff's claims and dismiss every remaining Defendant except the first named Defendant, AiYaYa, on the basis of misjoinder.

The Court notes that it is aware of the recent non-precedential decision rendered by the United States Court of Appeals for the Third Circuit in *Wood v. Eiazuiks, et al.*, No. 25-2340, 2026 WL 1397312 (3d Cir. May 19, 2026).  In *Wood*, the Third Circuit vacated a district court order dismissing a similar Schedule A case.  This Court believes that its present Memorandum Order is consistent with *Wood* because this Court has set forth a "reasoned analysis that comports with the requirements of [Rule 21], and that is based on the specific fact pattern presented by the plaintiffs and claims before the court."  *Wood*, 2026 WL 1397312, at *4.  While this Court has cited and quoted other cases in deciding this issue,[2] it has applied the logic and analysis of those cases to the specific facts of this case in finding misjoinder.  Moreover, this Court will not dismiss this case in its entirety, as occurred in *Wood*, but will instead sever Plaintiff's claims and drop all but one Defendant from this case without prejudice to Plaintiff pursuing claims against the dropped Defendants individually.  *See id.* ("The District Court *may have only meant to sever the action for misjoinder*, but the Court also sought from Plaintiff a proposed pleading.  Because it did not explain *why any misjoinder could not be cured by severance*, there is no way to determine whether the failure to provide the proposed pleading led to the dismissal or if the Court dismissed based on joinder issues." (emphasis added)).

As to Plaintiff's request to conduct discovery on the issue of joinder, the Court finds that, where Plaintiff merely relies on vague, speculative, and conclusory joinder allegations to support

---

[2] The Court notes as a general proposition that, based upon this Court's research and experience, Schedule A cases, and particularly those involving allegations of mass patent or trademark infringement such as this one, tend to involve materially similar issues and allegations, thus rendering the decisional law relied upon by the Court especially apt and relevant in this matter.

a request for discovery as to whether a group of defendants can be properly joined, severance and dismissal of all but one defendant is the more appropriate and judicially economic approach.  On these sparse and insufficiently supported joinder allegations, the Court will not permit Plaintiff to engage in a fishing expedition that is, given the case law cited above and the number of Defendants currently in this case, very unlikely to prove successful.  That said, should any individual action(s) reveal a connection between certain Defendants in the future, and should all other requirements be met, the Court would certainly entertain a consolidation or amendment request.

### Conclusion and Order of Court

For the reasons discussed above, as well as those discussed in this Court's prior Memorandum Order, every remaining Defendant except for AiYaYa is dismissed from this matter without prejudice to Plaintiff pursuing her claims against the dismissed Defendants individually. Plaintiff may proceed against Defendant AiYaYa at this docket number, and she may renew her requests for injunctive relief and alternative service, if warranted, as to Defendant AiYaYa.  Given the Court's prior findings regarding the insufficiency of Plaintiff's allegations as to personal jurisdiction, Plaintiff is directed, **within thirty (30) days of this Order**, to either file an amended complaint addressing the issues raised with respect to personal jurisdiction as to Defendant AiYaYa or to otherwise show cause as to why this matter should not be dismissed due to lack of personal jurisdiction.  Failure to file an amended complaint or a response to this Memorandum Order will result in dismissal of Plaintiff's claim against AiYaYa with prejudice for failure to prosecute.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: June 9, 2026
cc: All counsel of record

8